UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SARAH T. KRAUS,

                               Plaintiff,

                                                                             Case # 18-CV-213-FPG

v.

                                                                             DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.

## INTRODUCTION

Plaintiff Sarah T. Kraus brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her applications for Disability Insurance Benefits ("DIB") under Title II of the Act and for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 14, 19. For the reasons that follow, the Commissioner's motion is DENIED, Kraus's motion is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion.

## BACKGROUND

Kraus applied with the Social Security Administration (the "SSA") for DIB and SSI alleging disability beginning in May 2002. Tr.[1] 24, 198, 327. Kraus claimed she is disabled due to an impairment to her left knee, anxiety, depression, and a vomiting condition. Tr. 49–51. In June 2016, Kraus and a vocational expert ("VE") appeared at a hearing before Administrative Law

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 6.

1

Judge Brian LeCours ("the ALJ"). Tr. 24, 36. On August 1, 2016, the ALJ issued a decision finding that Kraus was not disabled. Tr. 24–36. On December 5, 2017, the Appeals Council denied Kraus's request for review. Tr. 1–6. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). An ALJ must follow a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 416.920(a). After the ALJ issues her decision, the claimant may request that the SSA's Appeals Council review the decision. 20 C.F.R. §§ 404.967, 416.1467. The Appeals Council must consider additional evidence that a claimant submits if the claimant can show good cause for not submitting it to the ALJ; it is new, material, and relates to the period on or before the ALJ's decision; and there is a reasonable probability that it would change the outcome of the decision. *Simon v. Berryhill*, No. 16-CV-4088, 2017 WL 4736732, at *2 (E.D.N.Y. Oct. 19, 2017); *see also* 20 C.F.R. §§ 404.970(a)(5), (b), 416.1470(a)(5), (b).

Evidence is new if it is not cumulative of what is already in the record. *Simon*, 2017 WL 4736732, at *2. It is material if it is relevant to the claimant's condition during the time period for which benefits were denied and there is a reasonable probability that it would have influenced the Commissioner to decide the claimant's application differently. *Webb v. Apfel*, No. 98-CV-791,

2000 WL 1269733, at *14 (W.D.N.Y. Feb. 8, 2000) (citing *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1991)).

As to whether the additional evidence relates to the period on or before the ALJ's decision, even "[m]edical evidence generated after an ALJ's decision cannot be deemed irrelevant solely based on timing." *Pulos v. Comm'r of Soc. Sec.*, 346 F. Supp. 3d 352, 362 (W.D.N.Y. 2018) (citing *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)). This is because the evidence "may demonstrate that 'during the relevant time period, [the claimant's] condition was far more serious than previously thought.'" *Id.* (quoting *Newbury v. Astrue*, 321 F. App'x 16, 18 n.2 (2d Cir. 2009) (summary order) (alteration in *Newbury*)). But the Appeals Council does not have to consider evidence that "does not provide additional information about the claimant's functioning during the relevant time period" and "instead relates to his or her functioning at some later point in time." *Id.* If the Appeals Council rejects additional evidence because it does not relate to the relevant period, it "will send [the claimant] a notice that explains why it did not accept the additional evidence." 20 C.F.R. §§ 404.970(c), 416.1470(c). [2]

## DISCUSSION

I.  **The ALJ's Decision and Appeals Council Review**

The ALJ analyzed Kraus's claim for benefits under the sequential evaluation process and concluded that Kraus was not disabled during the relevant period. Tr. 24–36. Following the ALJ's decision, Kraus requested that the Appeals Council remand the matter to an ALJ based on new

---

[2] If the Appeals Council denies review after considering new evidence, the Court "review[s] the entire administrative record, which includes the new evidence, and determine[s], as in every case, whether there is substantial evidence to support the decision of the Secretary." *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996). Here, however, the Appeals Council did not consider the new evidence. Accordingly, this Court only must analyze whether the Appeals Council erred in rejecting the new evidence.

evidence. Tr. 405–06. The Appeals Council denied the request because if found that the "additional evidence does not relate to the period at issue." Tr. 2.

**II.    Analysis**

Kraus argues that remand is required because the Appeals Council erred when it declined to evaluate the opinion of Kraus's treating psychologist.[3] ECF No. 14-1 at 15–17; Tr. 34. The Court agrees.

On December 28, 2016, less than five months after the ALJ issued his decision, Doctor Jennifer A. Fendya completed a Mental Impairment Questionnaire on behalf of Kraus. Tr. 10–15, 36. Dr. Fendya opined that Kraus suffered from marked difficulties in social functioning and would be absent from work three days per month, be unable to meet competitive standards with respect to completing a normal workday without interruption or performing at a consistent pace without an unreasonable number of rest periods, and be seriously limited with respect to maintaining regular attendance and being punctual. Tr. 12–15. Dr. Fendya explained that she had seen Kraus two to four times per month for over ten years. Tr. 10. When asked to list the earliest date of onset for Kraus's condition, Dr. Fendya explained that Kraus had knee surgery in 1992 and began treatment with her in August 2002 following an injury Kraus suffered in May 2002. Tr. 15.

Although not expressly addressed by the Appeals Council, the Mental Health Impairment Questionnaire is new because it did not exist until after the ALJ's decision and therefore Kraus had good cause for not submitting it to the ALJ. *See Simon*, 2017 WL 4736732, at *2 ("When evidence submitted by the applicant did not exist at the time of the ALJ's hearing, there is no question that the evidence is new and that good cause existed for applicant's failure to submit this evidence to the ALJ." (quotation and alterations omitted)). Dr. Fendya's opinion presents a

---

[3] Kraus also argues for reversal of the Commissioner's decision on other grounds. ECF No. 14-1 at 11–15, 18–26. The Court will not reach those arguments because it remands based on the Appeals Council's error.

4

reasonable probability of changing the ALJ's disability determination because she opined that Kraus would be absent from work three days per month, which the VE explained would render her unemployable. Tr. 15, 102. Dr. Fendya also opined that Kraus had "marked" "[d]ifficulties in maintaining social functioning," which are unaccounted for in the ALJ's RFC. Tr. 14, 31. Further, there is no readily apparent basis for the Commissioner to reject Dr. Fendya's opinion. The ALJ gave Dr. Fendya's June 2005 opinion "significant weight" and noted that she was Kraus's "long-time treating psychologist." Tr. 34–35; *see Brown v. Comm'r of Soc. Sec.*, No. 17-CV-1107, 2019 WL 2441862, at *2–4 (W.D.N.Y. June 12, 2019) (holding that a treating psychiatrist's opinion was material in similar circumstances).

The Appeals Council declined to consider Dr. Fendya's opinion based entirely on its conclusion that the opinion did not relate to the period prior to August 1, 2016. Tr. 2. The Commissioner argues that this conclusion is supported by the record based on the face of Dr. Fendya's opinion and arguably conflicting opinions previously expressed by Dr. Fendya. ECF No. 19-1 at 9–13. The Commissioner's first argument strains credulity beyond the breaking point. Dr. Fendya's opinion describes Kraus's condition retrospectively, not currently, based on the over ten-year treating relationship she maintained with Krauss. Tr. 10–15; *see Vitale v. Apfel*, 49 F. Supp. 2d 137, 142 (E.D.N.Y. 1999) (noting that "the existence of a pre-existing disability can be proven by a retrospective opinion" if it "refer[s] clearly to the relevant period of disability" and does "not simply express an opinion as to the claimant's current status"). Aside from a few portions of the opinion that are expressly limited in time (e.g., she assigned a "Current GAF" and "Highest GAF Past Year"), Dr. Fendya provided no hint that her opinion was temporally limited. Tr. 10–15. In fact, Dr. Fendya used past-tense language throughout her opinion. *Id.* Most importantly, Dr.

Fendya listed three dates in response to a question regarding the earliest onset date for Kraus's condition. Tr. 15. The latest date listed was August 2002 (the date she began treating Kraus). *Id.*[4]

This case contrasts markedly with *Collins v. Comm'r of Soc. Sec.*, cited by the Commissioner. 960 F. Supp. 2d 487, 501 (S.D.N.Y. Aug. 15, 2013). In that case, the court found that newly created medical evidence did not relate to the relevant time period because "[n]one of the medical professionals appear[ed] to have treated [the claimant] during the relevant time period and none offer[ed] a retrospective opinion of his condition." *Id.* Here, Dr. Fendya treated Kraus for the vast majority of the relevant period and offered a retrospective opinion.

The Commissioner's second argument (that Dr. Fendya's earlier opinions demonstrate that her December 2016 opinion did not apply prior to August 2016) must also be rejected. ECF No. 19-1 at 11–13. Even assuming her earlier opinions conflict with her December 2016 opinion, the Commissioner must analyze and weigh Dr. Fendya's December 2016 opinion in the first instance. *Hillman v. Comm'r of Soc. Sec.*, No. 18-CV-339, 2019 WL 4409334, at *4 (W.D.N.Y. Sept. 16, 2019); *see also Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve."); *Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013) (summary order) (holding that ALJ properly discounted treating physician's medical source statement where it "conflicted with his own treatment notes").

---

[4] Even if Dr. Fendya's diagnosis was strictly intended to apply as of December 28, 2016, her diagnosis could still "shed[] considerable new light on the seriousness of [Kraus's] condition" five months earlier. *See Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 44 (2d Cir. 1991). The Commissioner provides no explanation as to why Kraus's impairments substantially and spontaneously worsened over that five-month period—a particularly dubious proposition given Dr. Fendya's repeatedly expressed opinion that Kraus's mental impairments are related to and exacerbated by decades-old injuries. Tr. 10–15. This Court has also previously held that the Appeals Council's "cursory, formulaic rejection of . . . evidence simply because it was generated after the ALJ's decision, without any legal or factual reasoning, [wa]s insufficient." *Webster v. Colvin*, 215 F. Supp. 3d 237, 243 (W.D.N.Y. 2016); *see also* 20 C.F.R. §§ 404.970(c), 416.1470(c) (obligating Appeals Council to explain "why it did not accept . . . additional evidence" if evidence does not relate to the relevant period). The Appeals Council's decision here is equally cursory, formulaic, and insufficient. Tr. 2.

Accordingly, for all the reasons stated, this matter must be remanded to the Commissioner for reconsideration in light of the new evidence discussed above. *See, e.g.*, *Bluman v. Colvin*, No. 15-CV-627, 2016 WL 5871346, at *4 (W.D.N.Y. Oct. 7, 2016) (remanding for reconsideration in light of new evidence that the Appeals Council summarily rejected because it was created after the ALJ's decision).

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 19, is DENIED and Kraus's Motion for Judgment on the Pleadings, ECF No. 14, is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 23, 2020
       Rochester, New York

                                            HON. FRANK P. GERACI, JR.
                                            Chief Judge
                                            United States District Court