UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SARAH T. KRAUS,

                                        Plaintiff,

                                                                                                    Case # 18-CV-213-FPG

v.

                                                                                                    DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
_____

## INTRODUCTION

On March 23, 2020, the Court granted Plaintiff's Motion for Judgment on the Pleadings and remanded this case to the Commissioner of Social Security for further proceedings after concluding that the Appeals Council erroneously failed to evaluate an opinion by her treating psychologist. ECF No. 23. On March 24, 2020, the Clerk of Court entered judgment in Plaintiff's favor. ECF No. 24.

On June 1, 2020, Plaintiff moved for $8,635.29 in attorney fees for 42.1 hours of work pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF No. 25. The Commissioner argues that the Court should deny Plaintiff's motion because its position was substantially justified. ECF No. 27. Plaintiff also requests an additional $331.55 for the time spent replying to the Commissioner's opposition papers. ECF No. 28 at 3. For the reasons that follow, Plaintiff's motion is GRANTED.

## DISCUSSION

Pursuant to the EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §

2412(d)(1)(A). EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A).

There is no dispute that Plaintiff was the prevailing party or that the calculations for attorney fees are accurate or reasonable. The Commissioner only argues that fees should not be awarded because its position was substantially justified.

### A. Substantial Justification

Under the EAJA, the "position of the United States" means the agency action underlying the civil action in which fees are sought and the government's litigation position in that civil action. 28 U.S.C. § 2412(d)(2)(D). Thus, "if either the [Commissioner's] decision… to deny plaintiff's application or the government's litigation stance was not substantially justified," the plaintiff may recover attorney fees. *Hill v. Comm'r of Soc. Sec.*, No. 14-CV-9665, 2017 WL 5632813, at *4 (S.D.N.Y. July 28, 2017), *Report and Recommendation adopted*, 2017 WL 5634679 (Nov. 21, 2017).

"The test for determining whether the government's position is substantially justified is essentially one of reasonableness." *Id.* "The government's position must have been . . . justified to a degree that could satisfy a reasonable person." *Id.* It is the government's burden to establish that its position was reasonable in law and fact, and "a strong showing must be made to meet that burden." *Id.* (citations omitted).

In this case, as mentioned above, the Court remanded this case because the Appeals Council failed to review a new medical opinion completed by Plaintiff's treating psychologist. The Appeals Council declined to consider the opinion solely on the ground that it did not relate to the period at issue. *See* ECF No. 23 at 5. On appeal, the Commissioner argued that this reasoning

was supported by the record. *Id.* The Court disagreed, noting that such argument "strains credulity beyond the breaking point." *Id.* To the contrary, the language of the opinion strongly indicated that the opinion was retrospective and related to the period at issue. *See id.* at 5-6. Therefore, the Appeals Council's reason for declining to consider the evidence was erroneous. *See id.* at 6-7.

The Commissioner now argues that its position was reasonable because the treating psychologist did not explicitly state that her opinion applied retrospectively, and the surrounding context made it reasonable to infer that the opinion was not intended to apply to the period at issue. In other words, the Appeals Council's reading of the opinion "was a reasonable conclusion to draw from these facts, even if [its] explanation was not ultimately persuasive to the Court." ECF No. 27 at 4.

The Court is not persuaded. As the Court previously discussed, the Appeals Council's decision provided no explanation to support its view that the opinion was not retrospective—to the contrary, its decision was "cursory, formulaic, and insufficient." ECF No. 23 at 6 n.4. And even if not written in the most explicit terms, a review of the opinion's plain language strongly implies that it relates to the period at issue. *See id.* at 5-6. Moreover, the Court noted that even if the opinion was not retrospective, it was written a mere five months after the period at issue and therefore could still shed light on Plaintiff's condition during the relevant timeframe. *See id.* at 6 n.4.

Accordingly, this is not a case where reasonable minds could differ on the relevance of the opinion, and the Court concludes that the government's position was not substantially justified.

### B. Additional Fees

Plaintiff's counsel asserts that he should be awarded an additional $331.55 in attorney's fees for the 1.6 hours he spent reviewing and replying to the Commissioner's opposition to his

EAJA motion. ECF No. 28 at 3. Given counsel's success on the EAJA motion, the Court finds that he is entitled to this additional compensation. *See, e.g.*, *Pereia v. Astrue*, 739 F. Supp. 2d 267, 272 (E.D.N.Y. 2010) (finding that 6.2 hours spent on an EAJA reply brief was reasonable and awarding additional fees).

## CONCLUSION

Plaintiff's Motion for Attorney Fees (ECF No. 25) is GRANTED. Counsel is awarded $8,966.84 ($8,635.29 per her initial request and $331.55 for the reply papers). The Commissioner shall promptly pay $8,966.84 to Plaintiff's counsel.

IT IS SO ORDERED.

Dated: June 30, 2020
       Rochester, New York

                                             HON. FRANK P. GERACI, JR.
                                             Chief Judge
                                             United States District Court